UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CORYESHA DAVIS, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 4:17CV1634 RLW |
| SOCIAL SECURITY ADMINISTRATION, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (ECF No. 6). Upon review of the motion and related pleadings, the Court will dismiss this action for failure to state a claim.

On May 11, 2017, Plaintiff filed a *pro se* action in state court alleging fraud and misconduct against the Social Security Administration ("SSA"). (ECF No. 2) This is the third complaint Plaintiff filed against the SSA. She first filed a Complaint in federal court on January 27, 2017 in Case No. 4:17CV309 RLW, alleging that the SSA erroneously issued a debit card to Shamere Davis and requesting $3M in damages. The Court dismissed the action as frivolous under 28 U.S.C. § 1915(e), finding said Complaint "to be entirely incomprehensible." Plaintiff then filed a Petition in the Circuit Court of St. Louis County, Missouri, which the court dismissed for failure to prosecute. Plaintiff again filed an action against the SSA in the Circuit Court of St. Louis County, Missouri, which Defendant SSA removed to federal court on June 8, 2017. (ECF No. 1)

On July 24, 2017, Defendant filed the present motion to dismiss, claiming that Plaintiff's Complaint fails to state a claim in accordance with Rule 12(b)(6) of Federal Rules of Civil

Procedure. Plaintiff filed an unintelligible response on August 31, 2017. (ECF No. 11) The Court also notes that mail sent to Plaintiff has been returned as undeliverable.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Id.* However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).

## III. Discussion

Upon review of Plaintiff's Complaint, the Court finds that she has failed to state a claim for relief. Plaintiff claims that the SSA issued a debit card to payee Shamere Davis without informing Plaintiff, resulting in lost funds. Plaintiff provides no factual support for her allegations and fails to allege that she is entitled to some sort of relief. The Court has provided Plaintiff with additional opportunities to clearly state her claim, but she has been unreachable and unresponsive. (Mem. & Show Cause Order of 8/11/17, ECF No. 8; Mem. & Order of 9/11/17, ECF No. 12) Thus, the Court finds that dismissal under Rule 12(b)(6) for failure to state a claim is warranted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 6) is **GRANTED**. A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 2nd day of January, 2018.

                                                      **RONNIE L. WHITE**
                                                     **UNITED STATES DISTRICT JUDGE**